IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FIRST NATIONAL INSURANCE COMPANY OF AMERICA,

    Plaintiff,

v.

MARCELINO XAHUENTITLA, BEN'S BIG BURGERS, LLC, and
CHARLES KNOBLAUCH, as Personal Representative of the
Estate of Robert Hohnke,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT RELIEF

In accordance with 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Plaintiff First National Insurance Company of America (hereinafter "Plaintiff" or "First National"), by and through its undersigned counsel, Allen Law Firm, LLC, submits its Complaint for Declaratory Judgment Relief against Defendants, Marcelino Xahuentitla and Ben's Big Burgers, LLC (collectively "Ben's Big Burgers") and Charles Knoblauch, as Personal Representative of the Estate of Robert Hohnke, as follows:

## PARTIES, JURISDICTION AND VENUE

1.    First National is, and, was at all material times, a foreign corporation organized under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts, and is authorized to write and sell insurance in the State of New Mexico.

2.    Upon information and belief, at all times relevant to the allegations set forth in this Complaint, Defendant Marcelino Xahuentitla was a resident of the State of Colorado.

3. At all times relevant to the issues set forth in this Complaint, Defendant Xahuentitla was the owner of a restaurant called Ben's Big Burgers, LLC.

4. At all times relevant to the allegations set forth in this Complaint, Ben's Big Burgers, LLC is a limited liability corporation incorporated under the laws of Colorado.

5. Upon information and belief, Defendant Charles Knoblauch is a resident of Bernalillo County, New Mexico.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. There exists diversity of citizenship between and among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Declaratory relief is authorized and appropriate in this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

9. An actual controversy exists between the parties regarding First National's duty to defend and/or indemnify Defendant Ben's Big Burgers and/or Defendant Xahuentitla pursuant to a policy of insurance issued by First National to Ben's Big Burgers, as more fully identified and described herein. The controversy is justiciable in character, and the relief requested herein is necessary to declare the parties' contractual rights, duties, and obligations under the First National Policy and applicable law.

10. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to this controversy occurred in the State of New Mexico.

## GENERAL ALLEGATIONS

**A.     Insurance Policy**

11.     First National issued a Commercial General Liability policy to Defendant Ben's Big Burgers, LLC, bearing policy number 01-CG-779335-7, with liability limits of $500,000 per occurrence and $1,000,000 general aggregate for the period from April 8, 2011 through April 8, 2012 ("Policy").  A copy of the declaration pages and applicable portions of the Policy are attached hereto as **Exhibit A**.

12.     The Policy provides commercial general liability coverage under Form CG 00 01 12 07, which contains the following provisions:

> Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  […].

> The word "insured" means any person or organization qualifying as such under Section II—Who Is An Insured.

> \*\*\*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

    **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  […].

\*\*\*

\*\*\*

**2.    Exclusions**

This insurance does not apply to:

\*\*\*

**g.    Aircraft, Auto Or Watercraft**
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any […] "auto" […] owned or operated by […] any insured. […].

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any […] "auto" […] that is owned or operated by […] any insured.

\*\*\*

## SECTION II – WHO IS AN INSURED

If you are designated in the Declarations as:

\*\*\*

**c.**    A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

\*\*\*

## SECTION V – DEFINITIONS

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

4

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

### B.  The Accident and Underlying State Court Complaint

13.  On or about January 31, 2013, Charles Knoblauch, as Personal Representative of the estate of Robert Hohnke, filed a wrongful death suit in the Second Judicial District Court of Bernalillo County against Marcelino Xahuentitla, which case was assigned as D-202-CV-2013-01284 ("*Knoblauch* Lawsuit").

14.  On September 9, 2015, a First Amended Complaint was filed, adding Ben's Big Burgers as a defendant.

15.  A Second Amended Complaint was filed on June 27, 2018, adding two additional counts against Defendant Ben's Big Burgers.

16.  The Second Amended Complaint seeks to recover damages for personal injury and wrongful death arising out of an accident involving Mr. Xahuentitla and resulting in the death of Robert Hohnke.  *See* Second Amended Complaint, attached hereto as **Exhibit B**.

17.  According to the Second Amended Complaint[1], on December 4, 2011, Robert Hohnke, the deceased, was driving north on U.S. 550 near Huerfano in San Juan County, New Mexico.  At the same time, Mr. Xahuentitla was driving southbound at a speed that was later deemed excessive for the icy conditions, when Mr. Xahuentitla lost control of his pickup truck and slid head-on into the path of Mr. Hohnke's vehicle, fatally injuring Mr. Hohnke.  *See* Exh. B, ¶¶ 3-7.

---

[1] The operative complaint.

18. Count I of the Second Amended Complaint for negligence and wrongful death, asserted against Marcelino Xahuentitla, alleges he was grossly negligent and that his negligent, willful and wanton conduct caused the accident which resulted in Mr. Hohnke's death. *See, id.,* ¶¶ 8-10.

19. Count II of the Second Amended Complaint for negligent supervision, asserted against Ben's Big Burgers, alleges that Defendant Xahentitla was the owner of Defendant Ben's Big Burgers and was working as an agent and employee for Ben's Big Burgers at the time of the accident. *See, id.,* ¶¶ 13-14.

20. Count II further alleges that Ben's Big Burgers knew that Mr. Xahuentitla was conducting company business at the time of the accident and that Mr. Xahuentitla had a history of driving at excessive speeds in icy conditions on the very same road on which this accident occurred. *See, id.,* ¶ 15.

21. Count II also asserts that Ben's Big Burgers negligently failed to ensure that Mr. Xahuentitla did not harm others which conducting company business and to supervise and manage Mr. Xahuentitla, resulting in Mr. Hohnke's death. *See, id.,* ¶¶ 16-18.

22. Count III of the Second Amended Complaint asserts that despite Ben's Big Burger's knowledge of Xahuentitla's alleged unsafe driving history it failed to use ordinary care in retaining him and allowing him to drive while conducting company business. *See, id.,* ¶ 24.

23. Finally, Count IV of the Second Amended Complaint seeks recovery under the doctrine of respondeat superior alleging that Defendant Ben's Big Burgers is vicariously liable for the actions of Mr. Xahuentitla at the time of the accident because he was acting within the course and scope of his employment with Ben's Big Burgers.

**C.     Underlying Litigation.**

24.    Defendant Xahuentitla was driving his personal vehicle at the time of the December 4, 2011, accident and is being defended by his personal automobile insurance carrier, Farmers Insurance, through the Law Offices of Daniel Acosta in the *Knoblauch* Lawsuit.

25.    On or about December 21, 2015, First National agreed to and commenced defense of Ben's Big Burgers in the *Knoblauch* Lawsuit under a reservation of rights.

26.    Upon a demand by First National, Farmers Insurance, later accepted a tender for the defense of Ben's Big Burgers and hired defense counsel O'Brien & Padilla, who entered its appearance on August 20, 2018, and is currently defending Ben's Big Burgers in the underlying state court litigation.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment)**

27.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 of its Complaint as if fully set forth herein.

28.    The rights, status, obligations and other legal relations of First National and the Defendants are in dispute and are affected by the terms and conditions of the Policy and New Mexico case law.  Specifically, a controversy has arisen as to whether Ben's Big Burgers and/or Mr. Xahuentitla are entitled to a defense and indemnification under the First National Policy.

29.    The allegations in the *Knoblauch* Lawsuit, along with the discovery conducted therein, including the deposition of Mr. Xahuentitla, establish that Mr. Xahuentitla was working within the scope of his employment of and/or as an agent of First National's named insured, Ben's Big Burgers, at the time of the collision.

30. First National contends that coverage is precluded under Exclusion 2(g) of the Policy which excludes bodily injury arising out of the ownership, maintenance, use or entrustment to others of any auto owned or operated by any insured and for any claims for negligent supervision.

31. First National further contends that Mr. Xahuentitla qualified as an insured under the Policy, because he was a member and/or manager of the limited liability company under Section II—Who Is An Insured because it is undisputed that he was conducting business or performing duties on behalf of Ben's Big Burgers at the time of the collision.

32. Accordingly, there is no duty of First National under the Policy to defend or indemnify Defendants Xahuentitla and Ben's Big Burgers for the claims brought against them in the *Knoblauch* Lawsuit.

33. Pursuant to 28 U.S.C. 2201, *et seq*. and Fed. R. Civ. P. 57, Plaintiff First National is entitled to:

    A. Judgment declaring the rights and obligations of each of the parties regarding the disputes identified herein,

    B. Judgment that there is no coverage under the Policy for the claims asserted against Xahuentitla or Ben's Big Burgers in the *Knoblauch* Lawsuit,

    C. Judgment that there is no duty to defend Xahuentitla or Ben's Big Burgers in the *Knoblauch* Lawsuit under the Policy, and

    D. Judgment that there is no duty to indemnify Xahuentitla or Ben's Big Burgers for the claims brought against them in the *Knoblauch* Lawsuit.

34. WHEREFORE, Plaintiff First National respectfully requests the Court grant the following relief:

    (1) Enter judgment declaring the rights and obligations of each of the parties regarding the disputes identified herein,

(2) Enter judgment declaring there is no coverage under the Policy for Xahuentitla or Ben's Big Burgers for the claims asserted against them in the *Knoblauch* Lawsuit,

(3) Enter judgment that First National does not have a duty to defend Xahuentitla or Ben's Big Burgers in the *Knoblauch* Lawsuit,

(4) Enter judgment that First National does not have a duty to indemnify Xahuentitla or Ben's Big Burgers for the claims brought against them in the *Knoblauch* Lawsuit,

(5) Award First National its costs and attorney's fees, and

(6) Award First National such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**

/s/ Meena H. Allen_____
MEENA H. ALLEN
KERRI L. ALLENSWORTH
6121 Indian School Rd. NE, Suite 230
Albuquerque, NM 87110
(505) 298-9400

*Attorneys for First National Insurance Company*